ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

GEORGE O. HAGEMAN (CABN 332457)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6511
    Fax: (415) 436-7234
    George.Hageman@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 3:23-mj-71564-MAG |
| Plaintiff, | **MEMORANDUM IN SUPPORT OF UNITED STATES' MOTION FOR DETENTION** |
| v. | |
| ELTHON TURCIOS-HERNANDEZ a/k/a ELTHON TURCIOS HERNANDEZ, | Date: October 25, 2023<br>Time: 10:30 a.m.<br>Court: Hon. Sallie Kim |
| Defendant. | |

## I.    INTRODUCTION

Fentanyl is the leading cause of drug overdose deaths in the United States. One pill with two milligrams of fentanyl can kill.[1] Methamphetamine is the second deadliest drug, causing an additional tens of thousands of deaths per year.[2] Defendant Elthon Turcios-Hernandez distributed and possessed with the intent to distribute both substances—more than a pound of each—over the course of a month. He has more than ten drug-related arrests in the Bay Area, and no strong ties to the community. He is both a danger to the community and a flight risk, and he cannot overcome the presumption that there is

---

[1] *See* https://www.dea.gov/onepill.

[2] *See* https://nida.nih.gov/research-topics/trends-statistics/overdose-death-rates.

UNITED STATES' DETENTION MEMO      1
3:23-mj-71564-MAG

no condition or combination of conditions that can secure his appearance before the Court or provide for the safety of the community.  Accordingly, the government requests that he be detained pending trial.

## II.     FACTUAL BACKGROUND

The defendant is a regular in the Tenderloin drug scene, frequently commuting from Oakland to the Tenderloin to sell deadly substances like fentanyl and methamphetamine.  On September 5, 2023, he sold 14.4 grams of methamphetamine to a customer for $100.  He did so near the corner of Hyde and O'Farrell Streets in the Tenderloin, despite having a stayaway order from that exact area dating back to yet another drug-related arrest in June 2023 where he was caught with more than 100 grams of fentanyl (including counterfeit blue "M30" pills), more than 100 grams of cocaine, and more than 100 grams of heroin.  On September 11, 2023, he sold 71.3 grams of methamphetamine to a customer for $500.  On October 10, 2023, he sold 57.0 grams of fentanyl to a customer for $1200.  And finally, on October 19, 2023—the day of his arrest—he was caught with 478.4 grams of fentanyl, 410.6 grams of methamphetamine, and 123.2 grams of cocaine, all of which tested presumptive positive in initial testing. In his kitchen, law enforcement found drug-processing equipment including a cutting board, razor blade, and plastic baggies.  In his bedroom, law enforcement found $11,346 in cash.  The defendant admitted to law enforcement afterwards that all the drugs belonged to him.




### III.     LEGAL STANDARD

Under the Bail Reform Act of 1984, the Court must detain a defendant before trial without bail where "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). Detention is appropriate where a defendant is either a danger to the community or a flight risk; the government need not prove that both factors are present. *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985). A finding that a defendant is a danger to the community must be supported by clear and convincing evidence, but a finding that a defendant is a flight risk need only be supported by a preponderance of the evidence. *Id.*

"[T]he Bail Reform Act mandates an individualized evaluation guided by the factors articulated in [18 U.S.C.] § 3142(g)." *United States v. Diaz-Hernandez*, 943 F.3d 1196, 1199 (9th Cir. 2019). Those factors are: (i) the nature and circumstances of the offense charged; (ii) the weight of the evidence against the defendant; (iii) the history and characteristics of the defendant, including the defendant's character, physical and mental condition, family and community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, as well as whether the crime was committed while the defendant was on probation or parole; and (iv) the nature and seriousness of the danger to any person or to the community that would be posed by the defendant's release. *See* 18 U.S.C. § 3142(g); *United States v. Winsor*, 785 F.2d 755, 757 (9th Cir. 1986).

The government has the right to a detention hearing when the case involves an offense for which a maximum term of imprisonment for ten years or more is prescribed in the Controlled Substances Act. *See* 18 U.S.C. § 3142(f)(1)(C). The rules of evidence do not apply at a detention hearing. 18 U.S.C. § 3142(f)(2)(B). It is well-settled that at a detention hearing, the government may present evidence by way of an evidentiary proffer sufficient to make the court aware of the defendant's role in the offense, the weight of the evidence against the defendant, and other relevant factors. *See, e.g., United States v. Salerno*, 481 U.S. 739, 743 (1987).

When the case involves an offense for which a maximum term of imprisonment for ten years or more is prescribed in the Controlled Substances Act, there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety

of the community. *See* 18 U.S.C. § 3142(e)(3)(A). Under this scheme, the burden of production shifts to the defendant. *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008). Even if the defendant rebuts the presumption, the presumption is not erased; instead, it remains in the case as an evidentiary finding militating against release that is to be weighted along with other relevant factors. *See id.* (citation omitted).

## IV.   ARGUMENT

### 1. The defendant faces a rebuttable presumption in favor of detention.

The defendant was arrested in actual physical possession of large quantities of fentanyl and methamphetamine, which carries a maximum term of imprisonment of more than ten years under the Controlled Substances Act. As a result, there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. *See* 18 U.S.C. § 3142(e)(3)(A). As described below, the defendant will be unable to overcome this presumption.

### 2. The defendant cannot overcome the presumption that he is a flight risk.

The defendant is a Honduran national with no legal status in the United States. He clearly has no respect for court orders, as evidenced by his long history of drug-related arrests (approximately ten total) and by his continued drug dealing in the Tenderloin despite a stayaway order issued as recently as June 2023. He possesses sufficient financial resources ($11,346 in cash at the time of his arrest on October 19) and notably was able to amass significant quantities of drugs relatively soon after law enforcement seized a large amount from him in June 2023. It is reasonable to believe he has the means and the opportunity to abscond if desired.

In addition, the defendant has a strong incentive to flee for he faces a severe penalty if convicted. The weight of the evidence—though the least important factor—is strongly against the defendant. These are B-weight drug amounts under 21 U.S.C. § 841(a)(1) and (b)(1)(B) which potentially come with a five-year mandatory minimum. Even without the mandatory minimum, the sentencing guidelines for these drug amounts is approximately 46 to 57 months range. That severe penalty—more severe than any penalty he has faced to date—creates a strong incentive for the defendant to flee immediately if released. *See United States v. Gebro*, 948 F.2d 1118, 1122 (9th Cir. 1991) (strong evidence of guilt "makes it more likely that he will flee").

      3.  <u>The defendant cannot overcome the presumption that he is a danger to the community.</u>

In total, the defendant is responsible for more than a pound of fentanyl and more than a pound of methamphetamine, in addition to smaller amounts of other drugs like cocaine and heroin. The defendant's willingness to cut, mix, and spread fentanyl—a particularly lethal controlled substance—throughout the streets of the Tenderloin demonstrates his dangerousness to the community. All drugs are harmful but fentanyl is particularly so. *See, e.g.*, *United States v. Alfonso Ramos*, No. 3:20-mj-71799-MAG-1 (EJD), 2020 U.S. Dist. LEXIS 244831, at *7 (N.D. Cal. Dec. 29, 2020) (sale of approximately 227 grams of fentanyl showed defendant posed a danger to the community because "[f]entanyl is among the most dangerous and deadly illegal drugs). There are multiple fentanyl overdose deaths in San Francisco every day, and they are often the result of drug dealers in the Tenderloin who improperly cut and mix the packages they sell. The fact that the defendant was back on the streets selling in September, just a few months after his house was searched and law enforcement seized such a large quantity of drugs, show that he has no regard for the consequences of his actions.

## V.   CONCLUSION

The defendant cannot overcome the presumption that there are no conditions that will reasonably assure his appearance at court proceedings or ensure the safety of the community. The Court should order the defendant detained pending trial.

DATED: October 23, 2023                         Respectfully submitted,

                                                              ISMAIL J. RAMSEY
                                                               United States Attorney

                                                               */s/ George O. Hageman*
                                                              GEORGE O. HAGEMAN
                                                              Assistant United States Attorney